UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

WILLIAM C. DAVIS,

    Plaintiff,

v.

STATE OF MINNESOTA, BUREAU OF
CRIMINAL APPREHENSION, and
JOAN FABIAN, Commissioner of
Corrections,

    Defendants.

Civil No. 09-1822 (JMR/JJK)

REPORT AND
RECOMMENDATION

This matter is presently before the Court for the purpose of determining whether Plaintiff has complied with the requirements of the Court's order dated August 19, 2009. (Docket No. 5.) That order directed Plaintiff to submit one properly completed U.S. Marshal Service Form, (USM-285), for each Defendant to be served in this matter. The order also expressly advised Plaintiff that if he did not file his marshal service forms by September 15, 2009, he would be deemed to have abandoned this action, and it would be recommended that the action be summarily dismissed for lack of prosecution.

The deadline for complying with the Court's order expired a month ago, and Plaintiff still has not submitted the required marshal service forms, nor has he offered any explanation for his failure to do so. Indeed, Plaintiff has not communicated with the Court at all for nearly two months. Therefore, based on the express warning regarding the consequences that would follow if Plaintiff failed to comply with the requirements of the Court's last order, it is now recommended that Plaintiff be deemed to have

abandoned this action, and that the action be dismissed, without prejudice, for failure to prosecute.  See Fed. R. Civ. P. 41(b) (actions may be dismissed for failure to comply with court orders); see also Henderson v. Renaissance Grand Hotel, 267 Fed.Appx. 496, 497 (8th Cir. 2008) (unpublished opinion) ("[a] district court has discretion to dismiss an action under Rule 41(b) for a plaintiff's failure to prosecute, or to comply with the Federal Rules of Civil Procedure or any court order"); Link v. Wabash Railroad Co., 370 U.S. 626, 630-31 (1962) (recognizing that a federal court has the inherent authority to "manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases").

Based upon the above, and upon all the records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

This action be **DISMISSED WITHOUT PREJUDICE**.

Dated: October 15, 2009

*s/ Jeffrey J. Keyes*
JEFFREY J. KEYES
United States Magistrate Judge

Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by October 26, 2009, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  A party may respond to the objecting party's brief within ten days after service thereof.  All briefs filed under this rule shall be limited to 3500 words.  A judge shall make a de novo determination of those portions of the Report to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.